LAW OFFICE OF MICHAEL L. FRADIN
Michael L. Fradin, Esq.
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

Attorney for Plaintiff and Putative Class

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RENEE SMITH, individually and on behalf of all those similarly situated<br><br>     Plaintiffs,<br><br>vs.<br><br>MT PIZZA VENTURES, INC. and MICHAEL GENZER<br><br>     Defendants. | Case No. _____<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

  1. Plaintiff Renee Smith (hereinafter referred to as "Plaintiff") by and through her undersigned attorney, Michael L. Fradin, brings this action on behalf of herself and all others similarly situated, based upon personal knowledge as to herself and her activities, and on information and belief as to all other matters, against Defendant Mt Pizza Ventures, Inc. (hereinafter referred to as "Defendant" or "Mt Pizza") and Michael Genzer (hereinafter referred to as "Defendant" or "Genzer" and alleges as follows:

 **I.** **INTRODUCTION**

  2. Plaintiff brings this case against Mt Pizza Ventures, Inc. and Michael Genzer for willfully failing to compensate Plaintiff and similarly-situated individuals with minimum wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), the Illinois

Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq*. ("IWPCA").

## II. THE PARTIES

### A. Plaintiff

3. Plaintiff Renee Smith resides in the Northern District of Illinois. Further, at all times material herein, Plaintiff worked within the boundaries of the Northern District of Illinois. Plaintiff Smith was an "employee" of Defendant as defined in the FLSA, the IMWL, and the IWPCA.

### B. The Plaintiffs in General

4. Plaintiff will serve as an adequate, typical and active participant and class representative for the proposed FLSA Collective and under Rule 23. Plaintiff shares the same title, duties, and was affected by Defendant Mt Pizza's illegal wage practices as the proposed members of this Collective. Defendant has actual and constructive knowledge that Plaintiff was performing work for which she and others were not paid the minimum wage. Defendant has actual and constructive knowledge that Plaintiff was required to perform the off-the-clock labor. This off-the-clock labor was done because Defendant failed to adequately reimburse employees like Plaintiff for their automobile expenses and/or other job-related expenses. This inadequacy and insufficiency amounts to a violation of the employment contract Defendant had with Plaintiff and other similarly situated employees.

5. **Attached hereto as Exhibit A is the Consent to Join Forms signed by Plaintiff in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.** Plaintiff anticipates that other individuals will sign the consent forms and join as Plaintiffs on this claim and that more will be filed in the future.

### C. Defendant

6. Defendant Mt Pizza Ventures, Inc. owns and operates a Jet's Pizza franchise restaurant location at 720 East Ogden Avenue in Naperville, Illinois 60563 (where Plaintiff was employed). Defendant Mt Pizza has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

7. Defendant Michael Genzer owns and operates Defendant Mt Pizza Ventures, Inc. (where Plaintiff was employed). Defendant Genzer has substantial control over Plaintiff and

similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

8. At all relevant times, Defendants maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices. Defendant is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA, the IMWL, and the IWPCA. At all relevant times, Defendant Mt Pizzas has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA. Defendant's gross revenue exceeds $500,000 per year.

### III. JURISDICTION AND VENUE

9. Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over Plaintiff's FLSA claims.

10. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's Illinois law claims.

11. Venue in this Court is proper under 28 U.S.C. § 1391(b) because the parties reside in this district, and a substantial part of the events giving rise to the claim herein occurred in this district.

### IV. FACTUAL ALLEGATIONS

#### A. Classwide Factual Allegations

12. During all relevant times, Defendant has operated Jet's Pizza restaurants in the state of Illinois (the "Illinois Jet's Pizza restaurants").

13. The primary function of Defendant's restaurants is to sell pizza and other food items to customers, whether they carry out or have their food delivered.

14. Each of Defendant's Jet's Pizza restaurants employs delivery drivers who are primarily responsible for delivering pizzas and other food items to customers' homes and workplaces.

15. Plaintiff, and the similarly situated persons Plaintiff seeks to represent, are current and former delivery drivers employed at Defendant Mt Pizza's Jet's Pizza restaurants.

16. All delivery drivers employed by Defendant Mt Pizza's Jet's Pizza restaurants over the last ten years have had essentially the same job duties—deliver pizza and other food items to customers.

17. When there are no deliveries to make, the delivery drivers are required to work inside the Jet's Pizza restaurants building pizza boxes, cleaning, preparing pizza and other food items, taking orders, and completing other duties inside the restaurant.

18. Throughout her employment, Plaintiff and similarly situated delivery drivers were illegally paid approximately $5.50 per hour for all work. This is below the legal minimum wage for the hours they spent working in the store.

19. Throughout her employment, Plaintiff and similarly situated delivery drivers have been paid this illegal rate of approximately $5.50 per hour for the hours they worked inside the restaurant.

20. Defendant requires delivery drivers to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering the Defendant's pizza and other food items.

21. Defendant requires delivery drivers to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, automobile financing, insurance, and other equipment necessary for delivery drivers to complete their job duties.

22. Pursuant to such requirements, Plaintiff and other similarly situated employees purchase gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation, and incurred cell phone and data charges all for the primary benefit of Defendant.

23. At all relevant times, Plaintiff and other similarly situated delivery drivers at the restaurants were reimbursed a flat per delivery amount.

24. Defendant did not reimburse delivery drivers at their Jet's Pizza restaurants at the IRS standard business mileage rate.

25. Defendant did not reimburse delivery drivers at the Jet's Pizza restaurants for their actual expenses.

26. Defendant did not track the actual expenses of the delivery drivers at the Jet's Pizza restaurants.

27. Defendant did not reimburse delivery drivers at the Jet's Pizza restaurants based on a reasonable approximation of their expenses.

28. At all relevant times, Defendant has failed to pay Plaintiff and similarly situated delivery drivers the legally required minimum wage because they failed to adequately reimburse them for their automobile expenses or other job-related expenses.

29. Plaintiff and similarly situated delivery drivers typically average approximately four to five miles per round-trip delivery.

30. Plaintiff and similarly situated delivery drivers typically make approximately 3 deliveries per hour.

31. According to the Internal Revenue Service, the standard mileage rate for the use of a car during the relevant time periods have been:

    a. 2008: 58.5 cents/mile (July-December)
    b. 2009: 55 cents/mile
    c. 2010: 50 cents/mile
    d. 2011: 51.5 cents/mile (January-June); 55.5 cents/mile (July-December)
    e. 2012: 55.5 cents/mile
    f. 2013: 56.5 cents/mile
    g. 2014: 56 cents/mile
    h. 2015: 57.5 cents/mile
    i. 2016: 54 cents/mile
    j. 2017: 53.5 cents/mile
    k. 2018: 54.5 cents/mile

32. As a result of the automobile and other job-related expenses incurred by Plaintiff and other similarly situated delivery drivers, they were deprived of minimum wage guaranteed to them by the FLSA and Illinois law.

33. The deductions taken from the wages of Plaintiff and other similarly situated delivery drivers resulted in their wages falling below minimum wage.

34. At all relevant times, Defendant applied the same pay policies, practices, and procedures to all delivery drivers at their Jet's Pizza restaurants.

35. Defendant's delivery drivers had similar experiences to those of Plaintiff. They were paid at or close to minimum wage as an hourly rate; were subject to the same

reimbursement policy (or lack thereof); received similar reimbursements (or lack thereof); incurred similar automobile expenses; and completed deliveries of similar distances and at similar frequencies.

36. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendant's reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

37. Because Defendant paid their drivers a gross hourly wage at precisely, or at least very close to, the applicable minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations.

38. Defendant has willfully failed to pay federal and Illinois state minimum wage and to Plaintiff and similarly situated delivery drivers at Defendant's Jet's Pizza restaurants.

**B.  Plaintiff Smith's Individual Factual Allegations**

39. Consistent with their policies, patterns, and practices as described herein, Defendant harmed Plaintiff, individually, as follows:

40. Plaintiff has worked as a delivery driver for one of Defendant's Jet's Pizza restaurants (located at 720 East Ogden Avenue in Naperville, Illinois 60563) since approximately February 22, 2018.

41. At the Jet's Pizza restaurants, Plaintiff's job duties included delivering pizzas and other food items to customers at their homes and workplaces, and completing various tasks inside the store.

42. Defendant required Plaintiff to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering pizza.

43. Plaintiff was required to purchase gasoline, oil and other fluids, vehicle parts, auto repair and maintenance parts and services, automobile financing, and auto insurance for the benefit of Defendant.

44. Plaintiff's car depreciated in value as a result of the work she completed for Defendant.

45. Defendant did not reimburse Plaintiff at the IRS standard business mileage rate for the miles she drove completing deliveries for Defendant.

46. Defendant never attempted to track any of Plaintiff's actual expenses she incurred in order to make deliveries on their behalf.

47. Defendant never required Plaintiff to record or report the expenditures she made for her car, gasoline, and/or for other job-related expenses.

48. Plaintiff is paid $5.50 per hour for all hours worked while completing deliveries.

49. Plaintiff is paid $5.50 for all hours worked inside the restaurant.

50. Plaintiff delivered approximately 3 orders per hour.

51. Plaintiff drove approximately 4 to 5 miles per delivery.

52. In 2016, the IRS business mileage reimbursement has been $.54 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using that IRS rate as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased her net wages by approximately $.54 per mile. Considering Plaintiff's estimate of about 4.5 average miles per delivery, Defendant under-reimbursed her about $2.43 per delivery ($.54 x 4.5 average miles).

53. Thus, Plaintiff consistently "kicked back" to Defendant approximately $7.29 per hour ($2.43 per delivery x 3 deliveries per hour).

54. Plaintiff's uniform was worn for the benefit of Defendant.

## V. FLSA COLLECTIVE DEFINITION AND ALLEGATIONS

55. Plaintiff brings the First and Second Claims for Relief for violations of the FLSA as a collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). Plaintiff brings the FLSA action on behalf of herself and all members of the following class (the "FLSA Collective") comprised of:

56. **FLSA Collective**

All current and former delivery drivers employed at the Jet's Pizza restaurants owned, operated, franchised and controlled by Defendant Mt Pizza Ventures, Inc., during the three years prior to the filing of this Class Action Complaint and the date of final judgment in this matter, who elect to opt-in to this action.

57. At all relevant times, Plaintiff and the FLSA Collectives have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendant's decision, policy, plan, practices, procedures, protocols, and rules of

willfully refusing to pay Plaintiff and the FLSA Collectives minimum wage for all hours worked. Plaintiff's claims are essentially the same as those of the FLSA Collectives.

58. Defendant's unlawful conduct is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly pay Plaintiff and the FLSA Collectives.

59. Defendant is aware or should have been aware that federal law required them to pay employees minimum wage for all hours worked.

60. Defendant is aware or should have been aware that federal law required them to reimburse delivery workers for expenses relating to "tools of the trade," such as, among other things, automobile costs and gasoline for delivery drivers.

61. Defendant is aware or should have been aware that federal law required them to pay non-exempt employees at time and one half their regular hourly rate for hours worked over 40 per workweek.

62. Defendant is aware or should have been aware that federal law prohibited them from taking "kickbacks" from the wages of delivery drivers.

63. Defendant's unlawful conduct has been widespread, repeated, and consistent.

64. The First Count is properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

65. The FLSA Collective members are readily identifiable and ascertainable.

66. In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## VI. CLASS ACTION DEFINITION AND ALLEGATIONS

67. Plaintiff brings second, third, and forth claims for Relief under Federal Rule of Civil Procedure 23, on behalf of themselves and a class of persons consisting of:

68. **Rule 23 Class**

    All current and former delivery drivers employed at the Jet's Pizza restaurants owned, operated, and controlled by Mt Pizza Ventures, Inc. in Illinois, during the ten years prior to the filing of this Class Action Complaint and the date of final judgment in this matter.

69. Excluded from the Rule 23 Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class

period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

70. The number and identity of the Rule 23 Class members are ascertainable from Defendant's records. The hours assigned and worked, the positions held, and the rates of pay and reimbursement for each Rule 23 Class Member are also determinable from Defendant's records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

71. The Rule 23 Class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

72. There are more than 50 Rule 23 Class members in the Rule 23 Class.

73. Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class member in separate actions.

74. Plaintiff and the Rule 23 Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay minimum wage, taking "kickbacks" from wages, and failing to reimburse for expenses.

75. Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the IMWL and the IWPCA.

76. Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's policies and practices affected all Rule 23 Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class members.

77. Plaintiff and the Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

78. By seeking to represent the interests of the Rule 23 Class members, Plaintiff is exercising and intends to exercise her right to engage in concerted activity for the mutual aid or benefit of herself and her co-workers.

- 9 -
PLAINTIFF'S COMPLAINT

79. Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.

80. Plaintiff is represented by an attorney who is experienced and competent in both class action litigation and employment litigation.

81. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of minimum wage employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

82. Upon information and belief, Defendant and other employers throughout the state violated (and continue to violate) the IMWL and IWPCA. Current employees are often afraid to assert their rights out of fear of direct and indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

83. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

84. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class members individually and include, but are not limited to:

   a. Whether Defendant paid Plaintiff and the Rule 23 Class members at the proper minimum wage rate for all hours worked;
   b. Whether Plaintiff and the Rule 23 Class members were required to drive their own cars for work;
   c. Whether Defendant reimbursed Plaintiff and the Rule 23 Class members at the IRS standard business mileage rate or their actual expenses (with recordkeeping);

    d. Whether Defendant failed to reimburse automobile expenses, gasoline expenses, and other job-related expenses, as described herein, causing Plaintiff and the Rule 23 Class members' wages to drop below legally allowable minimum wage;

    e. Whether Defendant took deductions from the wages of Plaintiff and the Rule 23 Class members for the cost of Jet's Pizza uniforms;

    f. Whether Defendant took impermissible "kickbacks" from the wages of Plaintiff and the Rule 23 Class Members;

    g. Whether Defendant failed to pay Plaintiff and the Rule 23 Class in a timely manner as described by the IWPCA;

    h. Whether Defendant's policy of failing to pay Plaintiff and the Rule 23 Class was instituted willfully or with reckless disregard of the law; and

    i. The nature and extent of class-wide injury and the measure of damages for those injuries.

85. In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

## VII. CLAIMS FOR RELIEF

### A. Count I – Failure to Pay Minimum Wages – Fair Labor Standards Act (On Behalf of Plaintiff and the FLSA Collective)

86. Plaintiff realleges and incorporates by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

87. Plaintiff and the FLSA Collective are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

88. Defendant required and continues to require Plaintiff and the FLSA Collective to pay for automobile expenses and other job-related expenses out of pocket, failed to reasonably calculate the value of said expenses, and failed to adequately reimburse Plaintiff and the FLSA Collective for said expenses.

89. Defendant took deductions from the wages of Plaintiff and the FLSA Collective causing their wages to fall below minimum wages.

90. Defendant took unlawful kickbacks from the wages of Plaintiff and the FLSA Collective.

- 11 -
PLAINTIFF'S COMPLAINT

91. By the acts and conduct described above, Defendant willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA Collectives.

92. 135. Plaintiff and the FLSA Collective have been damaged by Defendant's willful failure to pay minimum wage as required by law.

93. 136. As a result of Defendant's violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, liquidated damages, costs, and attorneys' fees.

**B. Count 2 - Failure to Pay Minimum Wages – Illinois Minimum Wage Law (On Behalf of Plaintiff and the Rule 23 Class)**

94. Plaintiff realleges and incorporates by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

95. Defendant paid Plaintiff and the Rule 23 Class below minimum wage for the hours they worked by requiring them to cover automobile expenses and other job-related expenses, by taking illegal "kickbacks" from their wages, and by pay them a tipped wage rate while they worked in a non-tipped capacity.

96. Defendant took illegal "kickbacks" from Plaintiff and the Rule 23 Class members.

97. Defendant took illegal deductions from the wages of Plaintiff and the Rule 23 Class members to cover the cost of uniforms.

98. Because Defendant required Plaintiff and the Rule 23 Classes to pay for automobile expenses and other job-related expenses out of pocket, Defendant failed pay Plaintiff and the Rule 23 Class minimum wage.

99. Because Defendant took deductions from the wages of the Plaintiff and the Rule 23 Classes for their benefit, Defendant failed to pay Plaintiff and the Rule 23 Class minimum wage.

100. By not paying Plaintiff and the Rule 23 Class at least minimum wage for each hour worked, Defendant has violated the IMWL.

101. As a result of Defendant's violations, Plaintiff and the Rule 23 Class are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, unlawful deductions, statutory damages as defined by 820 ILCS 105/12(a), costs, and attorneys' fees.

**C. Count 3 – Violation of the IWPCA – Unpaid Wages (On Behalf of Plaintiff and the Rule 23 Class)**

102. Plaintiff realleges and incorporates by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

103. This Count arises from Defendant's practice of failing to pay Plaintiff and the Rule 23 Class at the wage rate agreed to by the parties.

104. During the course of her employment with Jet's Pizza, Plaintiff had an agreement within the meaning of the IWPCA to be compensated for all hours worked at an agreed upon rate.

105. Other similarly situated employees likewise had an agreement within the meaning of the IWPCA to be compensated for all hours worked at an agreed upon rate.

106. Defendant had a practice of not paying Plaintiff and the Rule 23 Classes at the rate agreed to by the parties. For example, Defendant took "kickbacks" from the wages of Plaintiff and the Rule 23 Class, and failed to properly reimburse Plaintiff and the Rule 23 Classes for the expenses they incurred while making deliveries on Defendant's behalf.

107. Defendant also took unlawful deductions from the wages of Plaintiff and the Rule 23 Class for the cost of uniforms.

108. Plaintiff and the Rule 23 Classes were entitled to be paid for all time worked at the rate agreed to by the parties.

109. Defendant's practice of failing to pay Plaintiff and the Rule 23 Classes at the rate agreed to by the parties violated the IWPCA.

110. Plaintiff and the Rule 23 Class are entitled to recover all the unpaid wages in violation of the IWPCA made from their earned wages for a period of ten (10) years prior to the filing of this lawsuit. See 73 ILCS 5/13-206.

111. As a result of Defendant's violations of the IWPCA, Plaintiff and the Rule 23 Class, are entitled to unpaid wages, statutory damages provided under the IWPCA, reasonable attorneys' fees, and costs.

**D.    Count 4 – Violation of the IWPCA – Unlawful Deductions (On Behalf of Plaintiff and the Rule 23 Class)**

112. Plaintiff realleges and incorporates by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

113. This Count arises from Defendant's practice of making unlawful deductions from the wages of Plaintiff and the Rule 23 Class.

114. During the course of her employment, Plaintiff had an agreement within the meaning of the IWPCA to be compensated for all hours worked at an agreed upon rate.

115. Other similarly situated employees likewise had an agreement within the meaning of the IWPCA to be compensated for all hours worked at an agreed upon rate.

116. Defendant had a practice of making unlawful deductions from Plaintiff's earned wages without authorization from Plaintiff in writing as required by the IWPCA. Such deductions: (a) were not required by law; (b) were not to Plaintiff's benefit; (c) were not in response to a valid wage assignment or wage deduction order; and (d) were not made with the express written consent of Plaintiff, given freely at the time the deductions were made.

117. Defendant likewise had a practice of making unlawful deductions from members of the Rule 23 Classes without their authorization.

118. Defendant's practice of making unlawful deductions from the earned wages of Plaintiff and the Rule 23 Classes violated the IWPCA.

119. Plaintiff and the Rule 23 Classes are entitled to recover all the unlawful deductions made from their earned wages for a period of ten (10) years prior to the filing of this lawsuit. See 73 ILCS 5/13-206.

120. As a result of Defendant's violations of the IWPCA, Plaintiff and the Rule 23 Class, are entitled to unpaid wages and unlawful deductions, statutory damages provided under the IWPCA, reasonable attorneys' fees, and costs.

## VIII. PRAYER FOR RELIEF

121. WHEREFORE, Plaintiff, on behalf of herself and all members of the Plaintiff Classes they seek to represent, pray for relief as follows:

    a. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and their counsel to represent the collective action members.

    b. Unpaid minimum wages, reimbursement of expenses, unlawful deductions and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

    c. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    d. Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

    e. A declaratory judgment that the practices complained of herein are unlawful under the IMWL and the IWPCA.

    f. An award of unpaid minimum wages, unreimbursed expenses, and unlawful deductions due under the IMWL and IWPCA.

    g. Statutory damages under the IMWL.

    h. Statutory damages under the IWPCA.

    i. An award of prejudgment and post-judgment interest.

    j. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

    k. Such other legal and equitable relief as the Court deems appropriate.

## IX. DEMAND FOR JURY TRIAL

122. Plaintiff, the FLSA Collective, and the Rule 23 Class hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

Respectfully submitted,

Plaintiff

DATED: October 2, 2018

s/ *Michael L. Fradin*
Attorney for Plaintiff
Michael L. Fradin, Esq.
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228

Email: mike@fradinlaw.com